```
-UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY P. WILLIAMS Jr.,
                    Plaintiff,                    08-CV-6288T

            v.                                    DECISION
                                                  and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Timothy P. Williams Jr. ("Williams" or "Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act, claiming that the Commissioner of Social Security ("Commissioner" or "Defendant") improperly denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") John P. Costello, who denied his application, was erroneous as it was not supported by substantial evidence contained in the record.

The Commissioner and Plaintiff move for judgement on the pleadings pursuant to 42 U.S.C. 405(g) and Fed. R. Civ. P. 12(c) ("Rule 12(c)"). The Commissioner claims that the ALJ's decision is supported by substantial evidence in the record whereas Plaintiff claims that the Commissioner's decision is erroneous. This Court finds that the decision of the Commissioner, for the reasons set forth below, is supported by substantial evidence and is in

accordance with applicable law.  Therefore the Commissioner's motion for judgment on the pleadings is hereby granted and Plaintiff's motion is denied.

## **BACKGROUND**

On December 8, 2004, Plaintiff protectively filed for DIB and SSI claiming that he had become disabled on October 21, 2002, due to a foot injury that Plaintiff sustained at work in 1997. (Transcript of the Administrative Proceedings at pages 12, 37, 62) (hereinafter "T."). Plaintiff's injury occurred on July 15, 1997, when his left foot was pinned between a moving tow motor and a structural steel beam, which resulted in multiple fracture dislocations and soft tissue degloving injuries to his left foot. (T. at 229). In 1999, following treatment Plaintiff returned to work and was employed through 2002 in a position similar to that which he held prior to the accident. Id. Plaintiff, who was 37-years old at the alleged onset of disability, graduated from high school and worked in the shipping and receiving industry from October of 1982 through October of 2002. (T. at 20, 66).

Plaintiff's application was initially denied by the Social Security Administration on June 1, 2005, and he filed a timely request for a hearing on July 8, 2005. (Tr. at 12). In a decision dated December 28, 2007, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (T. at 21). On May 1, 2008, the ALJ's decision became the final decision

of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review of the ALJ's denial. (T. at 3-5). Plaintiff filed this action on July 1, 2008.

**DISCUSSION**

**I.   Jurisdiction and Scope of Review**

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Section 405(g) thus limits this court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health

& Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Both Plaintiff and Defendant move for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In the present case, this Court finds that there was substantial evidence in the record for the Commissioner to find that Plaintiff was not disabled. Therefore, Commissioner's motion for judgment on the pleadings is granted, and Plaintiff's motion is denied.

II. **The Commissioner's decision to deny the Plaintiff Disability Insurance Benefits is supported by substantial evidence**.

The ALJ followed the Social Security Administration's five-step evaluation analysis in finding that Plaintiff was not disabled within the meaning of the Social Security Act. See 20 C.F.R.

§ 404.1520.[1] In this case, the ALJ found that (1) Plaintiff has not engaged in substantial gainful activity since October 21, 2002; (2) Plaintiff has a "severe" impairment, status-post left foot injury; (3) Plaintiff does not have a combination of impairments that meets or medically equals those listed in Appendix 1, Subpart P, Regulation No. 4; (4) the Plaintiff is unable to perform any past relevant work; and (5) the Plaintiff has the Residual Function Capacity ("RFC") to perform light work with the following exceptions: his ability to lift is limited to 50 pounds occasionally and 10 pounds frequently, sit for 6 hours, stand and walk for a total of 2 hours, sit after standing or walking for 20 minutes, and no climbing ladders or scaffolds and no crouching or crawling. (T. at 14-19).

While the ALJ concluded that Plaintiff retained the RFC to perform light work, his decision included additional limitations which eroded Plaintiff's ability to perform the full range of activities at the light work level. (T. at 20). Therefore, in the fifth step, the ALJ considered Plaintiff's age, education, work experience, RFC, as well as a vocational expert's testimony regarding Plaintiff's additional limitations. Id. Based on all of

---

[1] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

this evidence, the ALJ properly found that Plaintiff could perform a significant number of jobs in the economy, such as switchboard operator or a telephone solicitor. Id. Therefore, Plaintiff was not disabled within the meaning of the Social Security Act. (T. at 21).

> **A.  There is substantial evidence in the record that supports the ALJ's determination of Plaintiff's RFC.**

The ALJ's decision that Plaintiff is not disabled is supported by substantial evidence in the record. Plaintiff argues that the ALJ's RFC assessment was improper and contrary to the opinion of Plaintiff's treating physician, Dr. Flemister. (Pl. Br. at 4-5). I find, however, that the ALJ's RFC finding is consistent with the limitations set forth by Dr. Flemister in the medical records and his assessment of Plaintiff. (T. 239). Moreover, the ALJ's determination is supported by the medical opinions from other physicians. (T. 139-42, 220).

The ultimate finding of whether a claimant is disabled and cannot work is reserved for the Commissioner. See 20 C.F.R. § 404.1527(e)(1). However, a treating physician's opinion is given controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques, and is consistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(d)(2). In the present case, the opinion of the treating physician, Dr. Flemister, was controlling and consistent was the ALJ's finding that Plaintiff is not disabled.

The ALJ's RFC determination was consistent with the limitations suggested by Dr. Flemister, and supported by the medical opinions of both treating and consulting doctors. The ALJ found that Plaintiff could perform light work with the exceptions that he could occasionally lift 50 pounds and frequently lift 10 pounds; sit for 6 hours; stand and walk for a total of 2 hours; needed to sit after standing or walking for 20 minutes; no climbing ladders or scaffolding and no crouching or crawling. (T. at 15). Thus, the ALJ's conclusion essentially limits Plaintiff to performing sedentary work, except that he is capable of performing the light work tasks of occasionally lifting more than 20 lbs. and is able to do some pushing and pulling. See SSR 83-10. Further, Plaintiff's capacity to do light work with the restrictions on sitting, standing, walking, and his inability to climb, crouch, or crawl is supported by substantial evidence in the record.

First, Plaintiff's capacity to lift up to 50 pounds occasionally is supported by Dr. Flemister's assessment of Plaintiff on November 11, 2007. (T. 239). Dr. Flemister's assertion that Plaintiff can lift at least 20 pounds is further supported by Plaintiff's own testimony. Plaintiff testified that he is still capable of comfortably lifting at least 20 pounds. (T. at 257). Plaintiff also indicated that he has a regular workout routine for his upper body, which includes lifting weights. (T. at 87, 212). Therefore, the ALJ's finding that Plaintiff could

perform the lifting capacity associated with light work is supported by substantial evidence in the record.

Second, the ALJ's RFC properly included Plaintiff's limitation of sitting, standing, and walking, which are substantiated by medical opinions. Dr. Flemister's notes state that Plaintiff was limited to sedentary work based on his limited capacity to walk and stand. (T. 108, 110, 113). In addition, in his assessment on November 11, 2007, Dr. Flemister listed that Plaintiff was limited to sitting for six hours in an 8-hour workday, standing and sitting for an hour each, and could only stand or walk for 20 minutes at a time. (T. at 240). Dr. Lefebvre, who examined Plaintiff on four occasions, indicated that Plaintiff could work but needed accommodations for his limited ability to walk and stand. (T. 220, 224). Plaintiff's physical RFC assessment by Dr. Verna Yu similarly reflects Plaintiff's limitations for walking, sitting, and standing. (T. at 137). Thus, the ALJ accurately evaluated Plaintiff's limitations as listed by Dr. Flemister and other physicians when concluding that Plaintiff was limited to sitting for only six hours, standing and walking for a combined total of two hours, and needs to sit after standing or walking for 20 minutes. (T. at 15).

In addition, Plaintiff's capacity to perform light work with limitations is supported by substantial evidence that he has the capacity to use both hand and foot controls, except for his ability

to use his left foot. Dr. Flemister asserted that Plaintiff can frequently use his right foot for controls and did not state any limitations for his hands. (T. at 241). Dr. Lefebvre states that Plaintiff has the capacity to perform light work, without noting the existence of any limitation for his capacity to use his hands or his right foot. (T. at 220). There is no evidence in the record which indicated that Plaintiff did not have the capacity to use hand or foot controls, which are occasionally required in light work.

Lastly, the ALJ's decision to not include stooping as one of Plaintiff's postural limitations is supported by substantial evidence. Plaintiff argues that Dr. Flemister's opinion (made on only one occasion) that Plaintiff can never stoop should have been included with Plaintiff's limitations on climbing, crawling, and crouching. (Pl. Br. at 5). However, when a treating physician's opinion is inconsistent with the evidence from the overall record, it will not be given controlling weight. See 20 C.F.R. § 404.1527 (d)(2). Dr. Flemister's suggestion that Plaintiff can never stoop is only evidenced by a single checkmark on an assessment filled out on November 11, 2007 and is inconsistent with other substantial evidence in the record. (T. at 242). In Plaintiff's physical RFC assessment, which was completed on June 1, 2005, his capacity to stoop is marked as occasional. (T. at 140). In addition, Dr. Lefebvre observed that Plaintiff can bend over and almost reach his

toes and the record lacks any evidence of Plaintiff complaining about his ability to stoop. (T. at 236). Unlike Plaintiff's limitations of crawling and crouching, evidence of which is found from several sources, there is only a single reference to Plaintiff's alleged inability to stoop. (T. 213, 220, 236, 240). Because that reference is not supported by substantial evidence contained in the record, I find that the ALJ was correct in not incorporating a stooping limitation in Plaintiff's RFC assessment and the ALJ's determination of Plaintiff's RFC was proper and supported by the record.

**B.    The ALJ properly concluded that the Plaintiff's subjective complaints were not entirely credible.**

Plaintiff argues that the ALJ did not properly evaluate his credibility with regard to his subjective complaints of pain. (Pl. Br. at 7). Although the ALJ found that Plaintiff's impairments could produce Plaintiff's symptoms, the ALJ determined that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of the symptoms was not entirely credible. (T. at 19). The record reveals inconsistencies between Plaintiff's complaints and his actions and other medical evidence. Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings. See Donato v. Secretary of HHS, 721 F.2d 414, 418 (2d Cir.1983). The ALJ's determination that Plaintiff's complaints of disabling pain were not credible is

supported by substantial evidence as he reviewed all evidence in the record including Plaintiff's daily activities, the medications he takes to relieve the pain, treatments received for the pain, and any objective medical evidence. See 20 C.F.R. § 404.1529(c).

Social Security Ruling 96-7p states that consistency within the record is a strong indicator of the credibility of a claimant's statements. In the present case, the record is replete with inconsistencies. For example, Plaintiff's statements of disabling pain are contradicted by medical opinions and Plaintiff's own actions. With regard to the medical opinions, Plaintiff's treating physician, Dr. Flemister, indicated in his records that even with Plaintiff's complaints of pain, he is still able to perform sedentary work. (T. 108, 131, 135, 152). On January 20, 2006, Dr. Flemister noted that Plaintiff had not filled prescriptions for hydrocodone in the past, but he provided a new prescription for Plaintiff to use sparingly. (T. at 153). While Dr. Flemister did state that Plaintiff was disabled "secondary to his discomfort," this singular opinion is contradicted by prior and subsequent comments by Dr. Flemister that Plaintiff is capable of working. (T. 108, 135, 152, 154).

In addition, Plaintiff was examined by two consultative medical doctors. On four occasions, Dr. Lefebvre examined Plaintiff in connection with his worker's compensation claim. At no point did Dr. Lefebvre indicate that Plaintiff was not

employable based on his injury or the associated pain. Instead, he noted that Plaintiff could work, even with his need for accommodations. (T. at 237). In Plaintiff's examination by Dr. Naughten, Plaintiff indicated his pain was mild and was aggravated by walking, but relieved with rest. (T. at 114). Dr. Naughten concluded that Plaintiff was able to work, but had mild restrictions on walking and moderate restrictions on climbing, lifting, and carrying. (T. at 117). Of all three doctors who evaluated Plaintiff, not one of them concluded that Plaintiff is not able to continue working, even when considering his impairment and pain.

Second, Plaintiff's own statements and actions conflict with his assertion of disabling pain. While Plaintiff testified that he experiences pain for 60% to 65% of each day, he also states that his pain is relieved by over-the-counter anti-inflammatory medication. (T. at 255). Plaintiff also decided not to attended a pain clinic because he "wasn't that into it." (T. at 268). Further, Plaintiff's lifestyle suggests that despite his pain and impairment, he is able engage in a wide range of activities. Plaintiff contributes significantly to the household chores by making meals, cleaning the house, grocery shopping, and doing the laundry. (T. at 73-75). In addition, Plaintiff stated that he could ride a bike for up to 30 minutes and perform weight training for his upper body. (T. at 87, 212). Further, Plaintiff stated

that he spends his days doing yard work, cleaning out his garage, and fishing if he can get out of the house. (T. at 268-269, 271).

The ALJ properly considered all evidence in the record before concluding that Plaintiff's subjective claims were not entirely credible. Plaintiff's subjective complaints of persistent disabling pain were inconsistent with his capacity to perform daily activities and exercise, his reliance only on over-the-counter medications, and evidence of his pain being primarily related to walking. Accordingly it was also correct for the ALJ not to rely upon the vocational expert's answer to the second hypothetical regarding pain in his ultimate determination of Plaintiff's employability.

> C. **The ALJ properly met his burden at step five in determining that Plaintiff was not disabled.**

At step five of the five-step analysis for determining whether or not a claimant is disabled, it becomes the Commissioner's burden to prove that jobs exist in the national economy that Plaintiff can perform. See Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996). Since the ALJ's RFC for Plaintiff included nonexertional limitations, the ALJ sought a vocational expert ("VE") to determine whether jobs exist in the national economy for an individual with the Plaintiff's exertional and nonexertional limitations. See 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2). The ALJ asked the VE whether a younger individual, who graduated from high school and had Plaintiff's work experience, with an RFC to sit for

six hours; stand or walk for a total of two hours; the ability to lift 50 lbs. occasionally; who must change positions after standing or walking for up to 20 minutes; cannot use left foot for foot controls; cannot climb ladders or scaffolding, and cannot balance, crouch, or crawl; could find work within the national economy. (T. at 277-78). The VE indicated that even with such limitations, a person so limited could still perform work in the national economy as a switchboard operator or a telephone marketer. (T. at 278). While the VE's testimony limited a person with those limitations to performing sedentary jobs, his opinion still supports the ALJ's determination that Plaintiff is not disabled, especially since an individual who has the capacity to perform light work is automatically able to perform sedentary work, absent any restrictions on fine dexterity or the ability to sit for long periods. See Perez v. Barnhart, 440 F.Supp.2d, 229, 232 (W.D.N.Y. 2006). Thus, the ALJ properly relied on the VE's testimony in finding that Plaintiff could perform work in the national economy, despite his limitations, and therefore is not disabled.

Lastly, the ALJ was correct in not relying on the second hypothetical given to the VE. In this hypothetical, the VE suggested that an individual who was off-task 25% of the time due to pain would not be employable. (T. 280). However, this opinion was excluded from the ALJ's decision-making process because the ALJ properly concluded that Plaintiff's subjective complaints of

persistent pain were not entirely credible. See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979) (finding that an ALJ has the ultimate discretion to evaluate and independently determine a claimant's credibility in light of the whole record).

Based on Plaintiff's testimony and the medical evidence in the record, this Court finds that there is substantial evidence in the record to support the ALJ's decision that the Plaintiff is not disabled within the meaning of the Social Security Act.

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's cross-motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/Michael A. Telesca
                                                MICHAEL A. TELESCA
                                      United States District Judge

Dated:    Rochester, New York
            June 17, 2009